[Cite as *State v. Cain*, 2017-Ohio-9061.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-16-1117

    Appellee                                          Trial Court No. CR0201502869

v.

Deshawn Anthony Cain                      **DECISION AND JUDGMENT**

    Appellant                                          Decided:  December 15, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Nathan Oswald, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 14, 2016 judgment of the Lucas County

Court of Common Pleas, finding appellant guilty on one count of carrying a concealed

weapon, in violation of R.C. 2923.12(A)(2), a felony of the fourth degree.  Appellant was

sentenced to a two-year term of community control.  No term of incarceration was

imposed. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 2}** Appellant, Deshawn Cain, sets forth the following two assignments of error:

1) Appellant's conviction for Carrying [A] Concealed Weapon[s] was not supported by legally sufficient evidence.

2) Appellant's conviction for Carrying [A] Concealed Weapon[s] fell against the manifest weight of the evidence.

**{¶ 3}** The following undisputed facts are relevant to this appeal. On September 28, 2015, two Toledo Police Department bike patrol officers were on duty on Dorr Street in Toledo.

**{¶ 4}** While on patrol, the officers observed appellant walking on foot towards them. The officers next observed appellant take note of the presence of the officers, immediately turn around, and begin walking in the opposite direction. Given this scenario, the officers rode their bikes past appellant and stopped in front of appellant.

**{¶ 5}** In the course of traveling past appellant to investigate his conduct, one of the officers observed what appeared to be approximately 1.5" of the butt of a firearm protruding from appellant's pants pocket, with the balance of the weapon concealed within the pocket with the barrel of the weapon pointing downwards.

**{¶ 6}** During their interaction, appellant did not inform the officers that he was carrying a loaded firearm upon his person. Based upon these circumstances, the officers removed the firearm from appellant's pocket due to safety considerations. Upon

2.

recovery of the weapon by the officers from appellant's person, appellant steadfastly maintained that he possessed a valid permit to carry the concealed weapon recovered by the officers.

{¶ 7} The subsequent investigation by the officers revealed that although appellant owned and registered the subject firearm, appellant did not possess a permit to carry a concealed weapon so as to be exempt from the general statutory prohibition set forth in R.C. 2923.12.

{¶ 8} On November 5, 2015, appellant was indicted on one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), a felony of the fourth degree. Appellant subsequently waived his right to a jury trial. On February 9, 2016, the case proceeded to a bench trial. Appellant was found guilty. On April 18, 2016, appellant was sentenced to a two-year term of community control. No term of incarceration was imposed. This appeal ensued.

{¶ 9} In the first assignment of error, appellant maintains that his conviction was not supported by sufficient evidence. We do not concur.

{¶ 10} In evaluating a sufficiency of the evidence claim, "[T]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

3.

{¶ 11} In support of this appeal, appellant relies upon the mistaken notion that one cannot properly be convicted of carrying a concealed weapon if the weapon is not entirely concealed and if the other party potentially recognizes the partially concealed object to be a firearm. This position does not comport with Ohio's statutory scheme or with relevant precedent.

{¶ 12} As unambiguously set forth in *State v. Taylor*, 8th Dist. Cuyahoga No. 92382, 2009-Ohio-5822, ¶ 8, "Individuals carrying partially concealed weapons violate this prohibition, unless they are exempted." The record reflects that appellant was carrying a loaded firearm which was concealed in his pocket but for 1.5" of the handle. The record reflects that although appellant owned and registered the firearm that officers recovered from appellant's pocket, appellant did not possess a permit to carry a concealed weapon so as to exempt him from the mandates of R.C. 2923.12.

{¶ 13} As specifically applicable to this case, in order to establish a carrying a concealed weapon offense, it must be shown that one knowingly carried or concealed upon his person a handgun. R.C. 2923.12 (A)(2). In conjunction with this, the party must not be exempt from the statutory mandate, such as via the possession of a valid carrying a concealed weapon permit.

{¶ 14} The record reflects that on September 28, 2015, appellant was walking on foot in Toledo with a loaded firearm located in the front pocket of his pants. The record reflects that all but 1.5" of the handle of the weapon was concealed inside the pocket. The record reflects that appellant incorrectly maintained that he possessed a permit to

4.

carry a concealed weapon upon his person. On the contrary, although appellant took a permit course, appellant did not follow through and complete the process of being issued a permit.

{¶ 15} Given these facts and circumstances, we find that a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. The fact that appellant owned the weapon, registered the weapon, and partially revealed 1.5" of the weapon at the top of the pocket does not negate appellant's R.C. 2923.12 culpability. We find appellant's first assignment of error not well-taken.

{¶ 16} In appellant's second assignment of error, he contends that the conviction was against the manifest weight of the evidence. We do not concur.

{¶ 17} When determining whether a conviction is against the manifest weight of the evidence, the appellate court must review the record, weigh the evidence and all reasonable inferences drawn from it, consider witness credibility, and decide in resolving any conflicts in the evidence, whether the trier of fact clearly lost its way so as to cause a manifest miscarriage of justice such that the conviction must be reversed. *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.).

{¶ 18} Consistent with our determination above, we find that the record is devoid of any evidence that the trial court caused a manifest miscarriage of justice in finding appellant in violation of R.C. 2923.12(A)(2) for carrying a loaded firearm in the front pocket of his pants with all but 1.5" of the handle concealed and without possession of a permit authorizing him to carry a concealed weapon. The record reflects ample evidence

5.

in support of the disputed conviction. We find appellant's second assignment of error not well-taken.

{¶ 19} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                        _____
                                                              JUDGE
Thomas J. Osowik, J.

                                                 _____
James D. Jensen, P.J.                            JUDGE
CONCUR.

                                                 _____
                                                              JUDGE